IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:21-CV-333-WKW |
| ) | [WO] |
| $29,000 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**<u>DECREE OF FORFEITURE</u>**

Before the court is the United States of America's ("United States") motion for a decree of forfeiture. (Doc. # 18.) The motion is construed as including a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The motions are due to be granted.

On May 4, 2021, the United States filed a verified complaint alleging that Defendant is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses;

and any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. §§ 841 and 846.  (Doc. # 1.)

Process was fully issued in this action and returned according to law.  Pursuant to a Warrant of Arrest in Rem issued on May 6, 2021 (Doc. # 4), Defendant was served on May 13, 2021.  (Doc. # 5.)  On May 28, 2021, Helen Willis and Robert Willis were personally served with copies of the Notice of Complaint for Forfeiture against Personal Property, Verified Complaint for Forfeiture in Rem, and Warrant of Arrest in Rem.  (Docs. # 6–7.)  And, on July 14, 2021, Vivian Willis was served via Federal Express with copies of the Notice of Complaint for Forfeiture against Personal Property, Verified Complaint for Forfeiture in Rem, and Warrant of Arrest in Rem.  (Doc. # 9.)

Notice of this civil forfeiture action against Defendant was published for thirty consecutive days on an official Government internet site (www.forfeiture.gov), as evidenced by the Declaration of Publication on October 19, 2021.  (Doc. # 11.)  No claim or answer has been filed on behalf any third party.

On January 3, 2022, default was entered against Helen Willis, Robert Willis, and Vivian Willis for their failure to answer or otherwise defend as provided in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  (Doc. #17); *see also* Fed. R. Civ. P. 55(a).  Based on the verified complaint and the record as a whole,

the court finds that all requirements are satisfied for the entry of default judgment in the United States's favor.  *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (cleaned up)); *see also United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004) (opining that the district court's default decree of forfeiture "acted as a final judgment by default pursuant to Rule 55(b)(2)").

Accordingly, it is ORDERED that the United States's motions for default judgment and for a decree of forfeiture (Doc. # 18) are GRANTED.  It is further ORDERED and DECREED that Defendant $29,000.00 in United States Currency is FORFEITED to the United States, to be disposed of according to law, and no right, title, or interest in Defendant shall exist in any other party.

Final judgment shall be entered separately.

DONE this 27th day of January, 2022.

                                                   /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE